IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    CV 16-476 LH/WPL
                                                    CR 10-3150 LH

ARTHUR HARRIS,

        Defendant.

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

Arthur Harris filed this motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 and *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), on the basis that two of his four previous felony convictions no longer qualify as "violent" felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1). (CV Docs. 1, 12; CR Docs. 168, 179).[1] The United States contends that Harris is not entitled to relief. I recommend that the Court grant Harris's motion and set this case for resentencing.

**BACKGROUND**

On May 20, 2011, a jury convicted Harris of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (Doc. 78.) Harris did not challenge the facts contained in the Presentence Investigation Report ("PSR"), and the Court adopted the facts in the PSR. (Doc. 126.) In adopting the PSR, the Court found that Harris had four prior felony convictions in New Mexico: 1) convicted on January 14, 1985, of residential burglary, in violation of NMSA § 30-16-3; 2) convicted on May 4, 1987, of commercial burglary, in

---

[1] All citations to "CV Doc." refer to documents filed in the civil case, CV 16-476 LH/WPL. All citations to "CR Doc." refer to documents filed in the criminal case, CR 10-3150 LH. Documents filed in both cases are cited by reference to the corresponding document in the criminal case.

violation of NMSA § 30-16-3; 3) convicted on April 28, 1994, of commercial burglary, in violation of NMSA § 30-16-3; and 4) convicted on April 28, 1994, of aggravated assault with a deadly weapon. (Doc. 180.) Based on these convictions, the Court found that Harris qualified as an armed career criminal. (Doc. 149 at 17.) The Court sentenced Harris to 298 months' incarceration. (*Id.* at 18; Doc. 128.)

Pursuant to 18 U.S.C. § 924(a)(2), a person convicted of being a felon in possession of a firearm in violation of § 922(g) may fined, imprisoned for not more than ten years, or both, unless that person is deemed an armed career criminal pursuant to § 924(e)(1) (the ACCA), in which that person shall be sentenced to at least fifteen years' imprisonment.

## DISCUSSION

Harris argues that two of his underlying felony convictions for commercial burglary no longer qualify as predicate offenses under the ACCA.[2] To qualify as an armed career criminal, an individual must have "three previous convictions . . . for a violent felony or a serious drug offense, or both . . . ." 18 U.S.C. § 924(e)(1). A "violent felony" is any crime punishable by imprisonment for more than one year and:

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B). Subparagraph (B)(i) is commonly known as the force clause, while (B)(ii) contains the enumerated offenses clause and the "residual clause." The residual clause

---

[2] Harris notes that his residential burglary conviction appears to be listed as a fourth degree felony, but does not pursue that argument. Nor does he argue that his aggravated assault conviction does not qualify as a crime of violence. (Doc. 183 at 1-2.)

reads: ". . . otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.*

For a prior conviction to fall within the enumerated offenses clause, the conviction must have been for the generic version of the enumerated crime. *See Taylor v. United States*, 495 U.S. 575, 598 (1990). In the case of burglary that means "a crime 'contain[ing] the following elements: an unlawful or unprivileged entry into . . . a building or other structure, with intent to commit a crime.'" *Mathis v. United States*, --- U.S. ---, ---, 136 S. Ct. 2243, 2248 (2016) (quoting *Taylor*, 495 U.S. at 598).

In *Mathis*, the Supreme Court clarified how courts are to determine whether a particular statutory violation falls within the generic version of an enumerated offense. Courts must apply "the categorical approach: They focus solely on whether the elements of the crime of conviction sufficiently match the elements of generic burglary, while ignoring the particular facts of the case." *Id.* Elements, in this case, means "the things the prosecution must prove to sustain a conviction." *Id.* (citation omitted). "But if the crime of conviction covers any more conduct than the generic offense, then it is not an ACCA 'burglary'—even if the defendant's actual conduct (*i.e.,* the facts of the crime) fits within the generic offense's boundaries." *Id.* As the Court acknowledged in *Mathis*, some statutes may list elements in the alternative and thus define multiple crimes, in which case courts must employ the modified categorical approach and may look to certain documents—including jury instructions and the indictment—to determine the crime of and elements of conviction. *Id.* at 2249.

Some statutes, however, "enumerate[] various factual means of committing a single element." *Id.* A statute lists various factual means of committing a single element, such as the

location of a burglary, when the jury need not find nor the defendant admit a particular one of several listed locations.

The New Mexico burglary statute can be found at NMSA § 30-16-3 (1978). The statute reads as follows:

> Burglary consists of the unauthorized entry of any vehicle, watercraft, aircraft, dwelling or other structure, movable or immovable, with the intent to commit any felony or theft therein.
>
> A. Any person who, without authorization, enters a dwelling house with intent to commit any felony or theft therein is guilty of a third degree felony.
>
> B. Any person who, without authorization, enters any vehicle, watercraft, aircraft or other structure, movable or immovable, with intent to commit any felony or theft therein is guilty of a fourth degree felony.

NMSA § 30-16-3.

Pursuant to *Mathis*, New Mexico burglary defines two separate crimes. Paragraph (A) defines classic residential burglary that comports with the generic definition of burglary, as announced in *Taylor*: 1) the unlawful or unprivileged entry into 2) a building or other structure with 3) the intent to commit a crime therein. In fact, paragraph (A) is narrower than generic burglary because it contains a more restrictive structure term, that is, the structure must be a dwelling house.

The parties dispute whether paragraph (B) defines the elements for several crimes or simply enumerates various factual means of committing the structure element. Harris argues that paragraph (B) enumerates various factual means of committing the structure element and defines only one crime. The United States, on the other hand, contends that the phrase "any vehicle, watercraft, aircraft or other structure" is not an illustrative list of ways to commit the locational element, but is rather "a definitive list of items which 'effectively creates several different crimes.'" (Doc. 181 (quoting *United States v. Howard*, 742 F.3d 1334, 1347 (11th Cir. 2014).)

I am not persuaded by the United States's contention that paragraph (B) defines multiple crimes and lists alternative elements. Rather, paragraph (B) defines one crime, *see State v. Ervin*, 630 P.2d 765, 766 (N.M. Ct. App. 1981) ("Our burglary statute merely differentiates between residential burglary and burglary of other [locations]."), and lists alternative means of committing the locational element.[3] The means contemplated by paragraph (B)—vehicles, watercraft, aircraft, etc.—are broader than generic burglary because they do not solely encompass structures. Accordingly, a conviction pursuant to NMSA § 30-16-3(B) does not fit the definition of generic burglary for purposes of the ACCA.

A conviction under paragraph (B) of the New Mexico burglary statute does not fall within the force clause, nor does it constitute an enumerated crime for purposes of the ACCA. To qualify as a predicate offense, a conviction under NMSA § 30-16-3(B) would need to fit within the force clause. *Johnson*, 576 U.S. at ---, 135 S. Ct. at 2563 (holding the residual clause of the ACCA unconstitutional for vagueness). Neither paragraph of New Mexico burglary includes as an element "the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B). A conviction under paragraph B of the New Mexico burglary statute cannot qualify as an ACCA predicate under the force clause. Because a conviction under paragraph B of the New Mexico burglary statute does not qualify as an enumerated crime nor under the force clause, it cannot be used as an ACCA predicate offense. *See Welch v. United States*, --- U.S. ---, ---, 136 S. Ct. 1257, 1264-65 (2016) (holding that *Johnson* announced a substantive new rule and applies retroactively on collateral review).

---

[3] In *United States v. Jimenez*, 2:16-cv-00661-RB-SMV (Doc. 20) (Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition) (D.N.M. Dec. 23, 2016) (unpublished), Judge Brack likewise concluded that NMSA § 30-16-3(B) is not divisible and is broader than generic burglary, such that a conviction under § 30-16-3(B) no longer qualifies as a crime of violence.

In light of *Johnson* and *Mathis*, two of Harris's predicate convictions no longer qualify as crimes of violence for the ACCA. I recommend that the Court order a memorandum updating the PSR and recommendations, and set this case for resentencing as soon as practicable.

## Conclusion

Because I recommend that the Court determine that NMSA § 30-16-3(B) is broader than generic burglary and does not qualify for ACCA purposes, I also recommend that the Court grant Harris's motion and set his case for resentencing as soon as practicable.

---

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

---

                                      */s/ William P. Lynch*
                                      WILLIAM P. LYNCH
                                      UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.